IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEO WILLIAM THOMPSON (TDCJ No. 2238303), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:19-cv-1957-M-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Leo William Thompson, a Texas inmate, convicted of possession of a controlled substance and theft in Johnson County, filed a *pro se* application for writ of habeas corpus challenging the revocation of his parole. *See* Dkt. Nos. 2 & 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. For the reasons explained below, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Thompson's right to fully exhaust his state court remedies.

**Legal Standards**

A petitioner must fully exhaust state court remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A).

This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the CCA in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

This requirement applies "to habeas petitioners challenging parole revocations." *Dorsey v. Stephens*, Civ. A. No. H-14-03138, 2014 WL 5821955, at *2 (S.D. Tex. Nov. 10, 2014) (citing *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998)); *see, e.g., Buchanan v. Davis*, No. 3:15-cv-920-D-BN, 2016 WL 7429465 (N.D. Tex. Nov. 14, 2016), *rec. adopted*, 2016 WL 7426144 (N.D. Tex. Dec. 23, 2016). And "[s]uch challenges are routinely presented in state habeas applications." *Dorsey*, 2014 WL 5821955, at *2 (citing *Campos v. Johnson*, 958 F. Supp. 1180, 1186 (W.D. Tex. 1997) (citing, in turn, *Ex parte Nelson*, 815 S.W.2d 737 (Tex. Crim. App.1991))).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from

the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

**Analysis**

Thompson represents that he first raised the parole-revocation claims through a state habeas petition. *See* Dkt. No. 2 at 3-4 (referencing cause numbers F50692E, filed in the state trial court, and WR-88,418-03, dismissed by the CCA). But the

problem with Thompson's contention that he has exhausted state-court remedies in a procedurally-correct manner is that the CCA dismissed his habeas application "for non-compliance with Texas Rules of Appellate Procedure 73.1." *Ex parte Thompson*, WR-88,418-03 (Tex. Crim. App. Aug. 7, 2019).

> Compliance with Rule 73.1 is a prerequisite to consideration of the merits of an applicant's claims. *Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2017) (citing *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006)). A state application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). Courts therefore construe compliance with Rule 73.1 as "a condition to filing and not a condition to obtaining relief." *Id.* (internal quotation marks and citation omitted).
> Because [Thompson's] habeas application was not "properly filed" under Rule 73.1, he has not exhausted his state court remedies. *See* 28 U.S.C. § 2254(c); *Castille*, 489 U.S. at 351 (when a claim is presented "in a procedural context in which its merits will not be considered," the claim is not fairly presented for exhaustion purposes); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (an "improperly filed" state habeas petition does not satisfy the requirement to exhaust state court remedies). [Thompson] still can present his claims to the [CCA] by re-filing his application ... in compliance with Rule 73.1.

*Taylor v. Davis*, Civ. A. No. 3:19-0176, 2019 WL 2329841, at *2 (S.D. Tex. May 31, 2019) (citation modified).

The undersigned therefore agrees with the court in *Taylor* that "[c]omity requires this Court to defer until the Court of Criminal Appeals has had an opportunity to address the claims in [Thompson's current] federal petition. The pending federal habeas petition must be dismissed as premature for lack of exhaustion." *Id.* at *3; *cf. Samuelson v. Thaler*, No. 3:12-cv-299-P-BK, 2012 WL 6107948, at *2 (N.D. Tex. Nov. 13, 2012) ("While Petitioner raised IAC in a subsequent state application, that application was dismissed as noncompliant with Texas Rule of

Appellate Procedure 73.1. Thus, Petitioner's IAC claims were not properly presented to the highest court in Texas, and his failure to exhaust constitutes a procedural default that bars this Court from considering his claims." (citations omitted)), *rec. accepted*, 2012 WL 6122171 (N.D. Tex. Dec. 10, 2012).

## Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the 28 U.S.C. § 2254 habeas application without prejudice to Petitioner Leo William Thompson's right to fully and properly exhaust state court remedies and serve a copy of any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the construed habeas petition on the Texas Attorney General, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE